# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL ANTONIO GALDAMEZ-ESCOBAR,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-931-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Manuel Antonio Galdamez-Escobar appeals his 41-month sentence, imposed following his guilty-plea conviction for being found unlawfully present in the United States following deportation. He contends the sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50227

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Galdamez does not claim procedural error. Instead, he maintains only that the challenged sentence was substantively unreasonable.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Galdamez contends, however, the presumption of reasonableness does not apply to his within-Guideline sentence because the illegal reentry Guideline, § 2L1.2, is not supported by empirical data. Galdamez concedes this argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). He raises the issue only to preserve it for possible further review.

Asserting his sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a), Galdamez contends the district court failed to consider that the applicable Guideline does not take into account his benign motive for returning to the United States and the overstatement of his criminal history. Galdamez' contentions are insufficient to rebut the presumption of reasonableness. *E.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.